UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LYNK MEDIA LLC,**

  *Plaintiff*,

v.                                               Case No.  SA-24-CV-00691-JKP

**IHEARTMEDIA, INC.,**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is IHeartMedia's Motion to Dismiss for Failure to State a Claim. *ECF Nos. 13,16*. Lynk Media responded. *ECF No. 15*. Upon consideration, the Motion to Dismiss is DENIED.

### Factual Background

In its Amended Complaint Lynk Media alleges third-party videographer, Oliya Fedun, through her company FNTV LLC, created a series of three videos ("the Videos") "with the intention of them being used commercially and for the purpose of display and/or public distribution." Video 1 depicts "protests in Washington D.C." ("Video 1"). *ECF No. 12*. Video 2 depicts former President Donald Trump arriving for his arraignment in Atlanta, Georgia ("Video 2"). Video 3 depicts protests in Black Rock Desert, Nevada ("Video 3"). The Videos are all registered with the United States Copyright Office (USCO). *Id*. Fedun and FNTV posted the Videos to their social media accounts and other public formats, such as YouTube. *Id*. The watermarks "FNTV" and/or "FreedomNews.TV" were superimposed over the Videos to identify the source of the

copyrighted work. *Id*. Fedun assigned to Lynk Media all rights and licenses for various uses of the Videos, including online and print publications. *Id*.

Lynk Media filed this lawsuit on June 21, 2024, asserting copyright infringement of the Videos. Lynk Media alleges IHeartMedia copied and displayed the copyright-protected Videos on its own Websites and social media accounts without permission or authorization in violation of its rights under 17 U.S.C. §106. *Id*. IHeartMedia filed this Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule 12(b)(6). *ECF No. 12*.

**Legal Standard**

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F.

Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## Discussion

### 1. Judicial Notice

As foundation for its arguments in support of dismissal, IHeartMedia asserts several general statements, "[a]lthough not stated in the Complaint, the Court may take judicial notice of other omitted facts, including that [Lynk Media] also published [Video #1 and Video #3] on FNTV's YouTube channel…" and other social media accounts. IHeartMedia goes on to base its argument for dismissal on these assumed judicially-noticed facts. IHeartMedia did not file a motion requesting this Court take judicial notice of certain facts and supplying relevant argument and basis for this request, but instead, presumed the Court would do so based upon these general representations within its Motion to Dismiss.

A Court may take judicial notice of any adjudicative fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a) & (b). A Court "may take judicial notice on its own; or must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(1),(2). Although a motion is not required, the better procedure is to file one to supply the Court with the required necessary information.

The Court declines to take judicial notice of the "other omitted facts." Based upon the context of the request and review of the "other omitted facts", it appears IHeartMedia seeks judicial notice of facts that are at dispute and that are central to its interpretation of the substance of this litigation; facts that are not generally known or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Therefore, the Court does not have necessary information to take judicial notice of the requested "other omitted facts" ei-

ther on its own initiative or upon the informal request contained within IHeartMedia's Motion to Dismiss.

### 2. Attached Evidence

IHeartMedia attaches a considerable amount of evidence to its Motion to Dismiss in support of its arguments and related to the "other omitted facts" of which it proposes this Court take judicial notice.

This Court's primary focus upon review of this Motion to Dismiss is whether Lynk Media pleads enough facts to state a plausible claim. *See Twombly*, 550 U.S. at 555-558, 570. In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's may rely upon any attached documents which are referred to in the Complaint and central to the plaintiff's claims. *See Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

None of the exhibits attached to IHeartMedia's Motion to Dismiss are referred to in Lynk Media's Amended Complaint. While pertinent to adjudication of the substance of this dispute, these exhibits all pertain to the substance of IHeartMedia's arguments in defense of Lynk Media's allegations and cause of action. These attached exhibits pertain primarily to IHeartMedia's assertion that this Court should take judicial notice of certain omitted facts. For this reason, the Court will not rely upon the exhibits attached to IHeartMedia's Motion to Dismiss.

### 3. Substantive Arguments

IHeartMedia contends it is entitled to dismissal of the copyright infringement cause of action because Lynk Media posted the Videos on its YouTube channel and social media accounts, and by doing so permitted others, such as IHeartMedia, to embed the Videos on their own website and social media sites without the requisite licensure. IHeartMedia argues this Court should adopt the Ninth Circuit's "server test", although not specifically adopted by the Fifth Circuit, and

find that by simply embedding links to the Videos on its website, IHeartMedia did not volitionally copy or display them, nor did it hold or store them. IHeartMedia also contends it cannot be found to have committed certain infringements (alleged infringements and 8-9) because it held a license from Getty Images for the subject photo.

These arguments all fail because they are not the proper subject of a Federal Rule 12(b)(6) motion. In making these arguments, IHeartMedia goes beyond the scope of this Court's focus at this preliminary stage of litigation; instead, arguing the substantive merits of its position and including within its Motion outside materials and screenshots as evidence in support of its arguments. Assessment of Lynk Media's cause of action at this stage focuses not on whether Lynk Media will ultimately prevail, but whether it is entitled to offer evidence to support the copyright infringement cause of action. *See Iqbal*, 556 U.S. at 678; *Muhammad v. Dall. Cty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007).

The elements of a cause of action for copyright infringement are: ownership of a valid copyright and actionable copying. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, (1991); *Galiano v. Harrah's Operating Co., Inc.*, 416 F.3d 411, 414 (5th Cir. 2005). Clearly, Lynk Media alleged the Videos were registered with the Copyright Office and IHeartMedia copied the Videos and used them without permission for its own financial gain. These allegations are sufficient to inform IHeartMedia of the basis of the copyright infringement cause of action and the grounds upon which it rests. The issues raised of whether IHeartMedia posted the videos on its websites and social media accounts or simply embedded links to the Videos, whether IHeartMedia used screenshots not originating from Lynk Media's copyrights work, and whether the Fifth Circuit recognizes or this Court should apply the "server test" all pertain to the substantive merits of the cause of action and whether Lynk Media will be able to prove this cause of action.

At this stage of litigation, these arguments fail as basis for a Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule 12(b)(6).

## Conclusion

For the reasons stated, IHeartMedia's Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule 12(b)(6) is **DENIED**.

It is so ORDERED.
SIGNED this 14th day of January, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE